UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| James F. Grandits,        )<br>                           )<br>             Plaintiff,     )<br>                           )<br>v.                         )<br>                           )<br>Wal-Mart Stores, Inc. and  )<br>Wal-Mart Stores East, L.P. )<br>                           )<br>             Defendants.   )<br>_____) | C/A No.: 3:14-4791-MBS-KDW<br><br><br><br>REPORT AND RECOMMENDATION |

This matter is before the court for consideration of whether it should be dismissed for failure to timely comply with Federal Rule of Civil Procedure 25(a)(1)(A). Counsel filed this employment matter on behalf of James F. Grandits in December 2014. Compl., ECF No. 1. Defendants answered the Complaint, and the court issued a scheduling order on August 10, 2015. ECF No. 15. Upon being advised on August 13, 2015 that Plaintiff, James F. Grandits, is now deceased, *see* ECF No. 19, the court held in abeyance all deadlines in the scheduling order, pending the substitution of a party in Plaintiff's place. *See* ECF No. 20. The court further noted that a motion for a substitute plaintiff ("Substitution Motion") was required to be filed and served no later than November 12, 2015, as required by Federal Rule of Civil Procedure 25(a)(1)(A) (requiring that Substitution Motion be filed "within 90 days of service of a statement noting the death [of a party]"). ECF No. 20. Rule 25 states that, if a Substitution Motion is not made within those 90 days,[1] "the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1)(A).

---

[1] Although the language of Rule 25(a)(1)(A) requires dismissal if a Substitution Motion is not filed within the prescribed 90-day period, the Advisory Committee Notes to the 1963 Amendments indicate the 90-day requirement may be extended by Federal Rule of Civil Procedure 6(b). *See Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) (referring to

On November 11, 2015, counsel for Plaintiff filed a motion seeking to be relieved as counsel and requesting a 30-day extension of the deadline by which a Substitution Motion was due. ECF No. 28. In that Motion, Plaintiff's then-counsel explained his contacts with the deceased Plaintiff's family members, including Plaintiff's siblings and a representative of Plaintiff's children ("Plaintiff's Family") and noted none had agreed to "petition to be personal representative for the [Plaintiff's] estate." ECF No. 26 at 1. *See generally Wilcox v. Ozmint*, No. CA 9:11-2073-RMG-BM, 2012 WL 1416520, at *2 (D.S.C. Apr. 3, 2012) (citing *Cont'l Bank* and noting extensions of the 90-day period may be liberally granted); *report and recommendation adopted,* No. 9:11-CV-2073-RMG, 2012 WL 1424460 (D.S.C. Apr. 24, 2012).

On November 12, 2015, the court granted the request for an extension of the deadline by which a Substitution Motion was to be filed, making that deadline December 14, 2015. ECF No. 27. The court denied the Motion to be Relieved as Counsel without prejudice, issuing specific instructions to counsel that he was to advise Plaintiff's Family in writing of the December 14, 2015 deadline and to explain to Plaintiff's Family that, if no Substitution Motion was filed by the December 14, 2015 deadline, it would be recommended that this matter be dismissed for failure to prosecute and comply with an order of this court under Rule 41 of the Federal Rules of Civil Procedure. ECF No. 27. Counsel was instructed to provide the court with a copy of the notice sent to Plaintiff's Family. Counsel provided such notice in conjunction with his renewed motion

---

such Notes). The Advisory Committee Notes to the 1963 amendment to Rule 6(b) explained that the amendment to Rule 6(b) removed Rule 25 from the motions the court was prohibited from extending. "The only limitation of time provided for in amended Rule 25 is the 90-day period following a suggestion upon the record of the death of a party within which to make a motion to substitute the proper parties for the deceased party. See Rule 25(a)(1)(A), as amended, and the Advisory Committee's Note thereto. It is intended that the court shall have discretion to enlarge that period." Fed. R. Civ. P. 6(b) advisory committee's note to 1963 amendment.

2

to be relieved as counsel. ECF Nos. 29, 29-1. The notices to Plaintiff's Family complied with the court's directives. *See* ECF No. 29-1.[2]

On November 18, 2015, the court granted counsel's Motion to be Relieved as Counsel and reiterated the need for Plaintiff's Family to file a Substitution Motion if they wished to pursue this litigation. ECF No. 30. In that Order, the court further noted that, in the event a representative of Plaintiff's Family submitted a Substitution Motion, the court would then consider such representative to be proceeding pro se and would provide him or her with further instructions. *Id.* On the court's order, the Clerk of Court mailed a copy of the November 18, 2015 Order, as well as the November 12, 2015 Order, to representatives of Plaintiff's Family at the addresses provided by counsel by both regular and certified mail. *Id.*; *see also* ECF Nos. 32-34. The court has received a Certified Mail Receipt as to one of the notices, and none has been returned as undeliverable. *See* ECF No. 34. Nonetheless, the December 14, 2015 deadline to file a Substitution Motion has passed, and no representative of Plaintiff's Family has contacted the court. Accordingly, it appears dismissal pursuant to Rule 25 is appropriate.

Rule 25(a)(1)(A) requires that an action "by or against a decedent *must* be dismissed" if a timely motion for substitution is not made. F.R. Civ. P. 25(a)(1)(A) (emphasis added). Here despite the detailed efforts of Plaintiff's prior counsel and the court to advise Plaintiff's Family of the need for a substitute Plaintiff, no such motion has been filed. Accordingly, this matter should be dismissed.

Given the plain language of Rule 25(a)(1)(A), the lack of a timely Substitution Motion requires dismissal. In addition, dismissal may be appropriate pursuant to Rule 41. *See* Fed. R. Civ. P. 41(b); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (noting that a court deciding

---

[2] The undersigned instructed Plaintiff's then-counsel to notify Plaintiff's Family of the need to submit a motion for substitute plaintiff, rather than submit it directly to Plaintiff's Family because Plaintiff's Family was not (and is not now) a party to this litigation.

3

whether to dismiss a case under Fed. R. Civ. P. 41(b) must balance the policy of deciding cases on their merits against "sound judicial administration." In so doing, the court must weigh: 1) plaintiff's responsibility for failure to prosecute, 2) prejudice to defendant from delay, 3) history of delay, and 4) effectiveness of lesser sanctions.); *see also Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (noting and applying *Davis* factors in dismissing case under Fed. R. Civ. P. 41(b)); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (same). Based upon the above, and taking into account the factors in *Davis*, *Ballard*, and *Chandler*, the undersigned recommends this action be dismissed.

The Clerk is instructed to send a copy of this Report and Recommendation by regular and certified mail to Plaintiff's Family at the addresses provided at ECF No. 29-1 at 2 and 3.

IT IS SO RECOMMENDED.

*[signature]*

December 18, 2015                                          Kaymani D. West
Florence, South Carolina                                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**