IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James F. Grandits,                        )<br>                                                   )  C/A No. 3:14-4791-MBS<br>                      Plaintiff,         )<br>                                                   )<br>      vs.                                         )<br>                                                   )         **O R D E R**<br>Wal-Mart Stores, Inc. and Wal-Mart  )<br>Stores East, L.P.,                         )<br>                                                   )<br>                      Defendants.     )<br>_____) | |

Plaintiff James F. Grandits, who was represented by counsel, brought this action on December 18, 2014, against his former employer, Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. Plaintiff alleges that he was retaliated against on the basis of his age, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621, et seq. Plaintiff filed an amended complaint on February 6, 2015, in which he asserted a cause of action for discrimination on the basis of his age, in violation of the ADEA. Plaintiff also asserted state causes of action for defamation and negligent retention.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling. On August 13, 2015, Plaintiff's counsel filed a notification with the court indicating that Plaintiff had died on April 22, 2015, and asking that the deadlines set forth in the scheduling order be stayed pending substitution of a representative. The Magistrate Judge granted the request on August 17, 2015. On November 11, 2015, counsel for Plaintiff moved to withdraw because no personal representative had been appointed to represent Plaintiff's estate.

On November 12, 2015, the Magistrate Judge issued an order in which she denied without

prejudice counsel's motion to withdraw. The Magistrate Judge directed counsel to advise Plaintiff's siblings and a family representative of Plaintiff's children ("Plaintiff's Family") to notify the court no later than December 14, 2015, as to whether they wished to proceed with the within action. The Magistrate Judge instructed counsel to inform Plaintiff's Family that failure to respond to the court's November 12, 2015, order could subject the complaint to dismissal for failing to move to substitute a party in Plaintiff's place, see Fed. R. Civ. P. 25(a)(1), and/or for failure to prosecute, see Fed. R. Civ. P. 41(b).

On November 17, 2015, Plaintiff's counsel filed a second motion to withdraw. By order filed November 18, 2015, the Magistrate Judge granted counsel's motion to withdraw. Plaintiff's Family did not object or otherwise respond to the motion to withdraw. Further, Plaintiff's Family did not respond to either the Magistrate Judge's November 12, 2015, order, or her November 18, 2015, order. On December 18, 2015, the Magistrate Judge issued a Report and Recommendation in which she recommended that the complaint be dismissed pursuant to Rule 25(a)(1)(A) and/or Fed. R. Civ. P. 41(b). A copy of the Report and Recommendation was served on members of Plaintiff's Family. No party and no member of Plaintiff's Family filed objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record

in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. The complaint is dismissed *without prejudice* pursuant to Rule 25(a)(1) for failure to move to substitute a party in Plaintiff's place.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

January 14, 2016.